

**JS**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JANICE SANTIAGO and CLARISSA
SANTIAGO,

        Plaintiffs,      No.

    vs.                                  17   3900

CRST EXPEDITED, INC. and
CONSTANCE SLOAN,

        Defendants.

## NOTICE OF REMOVAL

AND NOW come Defendants, CRST Expedited, Inc., and Constance Sloan, by and through their counsel, Wayman, Irvin & McAuley, LLC, who removes this action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1441, 1332, and 1446 and, in support thereof, aver as follows:

### BACKGROUND

1. Plaintiffs commenced this action by filing a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania on July 27, 2017 at No. 170702845.

2. In paragraphs 1 and 2 of their Complaint, Plaintiffs allege that Janice Santiago resides at 917 West Luzerne Street, while Clarissa Santiago resides at 4037 North Ninth Street, where both Plaintiffs reside in Philadelphia, Philadelphia County, Pennsylvania 19140.

3. Plaintiffs allege, in paragraph 3 of their Complaint, that Defendant Constance Sloan resides at 400 Oldham Street, Baltimore, Baltimore County, Maryland 21224. In paragraph 4 of their Complaint, Plaintiffs allege that Defendant CRST Expedited, Inc. has its headquarters located at 1332 Edgewood Road, SW, Cedar Rapids, Linn County, Iowa 52406.

4. Plaintiffs allege, in paragraph 7 of their Complaint, that a motor vehicle accident occurred between Plaintiff Clarissa Santiago and Defendant Constance Sloan, where Plaintiff Janice Santiago was alleged to have been a passenger in Clarissa Santiago's vehicle. In paragraph 7, Defendant Sloan is alleged to have been operating a tractor trailer within the course and scope of her employment with Defendant CRST. Plaintiffs further allege that the subject accident occurred in the westbound direction of Interstate 70 in Western Pennsylvania on August 16, 2015.

5. Each Plaintiff is asserting their own independent negligence claims against all of the Defendants, where Count I asserts that claim for Janice Santiago, while Count II asserts that claim for Clarissa Santiago.

6. The "WHEREFORE" clauses at the end of both Counts I and II explicitly state that each Plaintiff is seeking "compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00)" Furthermore, the cover sheet of Plaintiffs' Complaint states, in all capital letters, that "THIS IS NOT AN ARBITRATION MATTER. ASSESSMENT OF DAMAGES IS REQUIRED."

7. Philadelphia County Local Rule 1301 explicitly limits binding Common Pleas Arbitrations to only those cases where the amount in controversy is $50,000.00 or

less. In the present case, **each** Plaintiff is seeking damages in excess of $50,000.00. Accordingly, the Plaintiffs collectively believe that their case has a value of **at least** $100,000.00.

8. Pursuant to Pa. R. Civ. P. 403 and 404(2), Plaintiffs served Defendant CRST, an out-of-state Defendant, via certified mail on or about August 1, 2017. Similarly, and pursuant to these same Rules, Plaintiffs served Defendant Sloan via certified mail on or about August 1, 2017.

9. As authorized by 28 U.S.C. § 1441(a), Defendants now remove this action from the Court of Common Pleas of Philadelphia County, Pennsylvania based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states. In compliance with 28 U.S.C. § 1446(b), Defendants are removing this action "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Court of Common Pleas of Philadelphia County, Pennsylvania and is likewise being served upon Plaintiffs through their designated counsel.

## DIVERSITY OF CITIZENSHIP

10. Plaintiffs are citizens of the Commonwealth of Pennsylvania, while Defendant CRST is a citizen of Iowa and Defendant Sloan is a citizen of Maryland.

11. Therefore, this action is between citizens of different states pursuant to § 1332(a)(1).

## AMOUNT IN CONTROVERSY

12. In this action, **each** of the named Plaintiffs is seeking compensatory damages for alleged bodily injury, including both pain and suffering and claimed economic loss. Most relevant for this within Notice, however, each Plaintiff is seeking damages in excess of Fifty Thousand Dollars ($50,000.00). Plaintiffs therefore believe that the within action has a value of **at least** $100,000.00.

13. Consequently, the within claim exceeds the sum of $75,000.00, exclusive of interest and costs, thereby satisfying § 1332(a).

WHEREFORE, Defendants, CRST Expedited, Inc., and Constance Sloan, remove this action from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1441, 1332, and 1446.

Respectfully submitted,

_____
Warren L. Siegfried, Esquire
Pa. ID No. 43679

Wayman Irvin & McAuley, LLC
Firm ID No. 583
Three Gateway Center, Suite 1700
401 Liberty Avenue
Pittsburgh, PA 15222-1004
(412) 566-2970 - Telephone
(412) 391-1464 - Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Praecipe for Entry of Appearance has been served upon all counsel of record via regular first class mail, postage prepaid, and ECF Court e-mail notification on this 23rd day of August, 2017.

John L. Aris, Esquire
Lowenthal & Abrams, P.C.
555 City Line Avenue, Suite 500
Bala Cynwyd, PA  19004

WAYMAN, IRVIN & McAULEY, LLC

_____
Warren L. Siegfried, Esquire

# JS



Filed and Attested by the
Office of Judicial Records
27 JUL 2017 11:12 am
R. EDWARDS

LOWENTHAL & ABRAMS, P.C.
By: John L. Aris, Esquire
Identification No. 62789
555 City Line Avenue, Suite 500
Bala Cynwyd, Pennsylvania 19004
610-667-7511

THIS IS NOT AN ARBITRATION MATTER
ASSESSMENT OF DAMAGES IS REQUIRED

17      3900

Attorneys for: Plaintiffs

| | |
|---|---|
| JANICE SANTIAGO<br>917 W. Luzerne St.<br>Philadelphia, PA 19140 | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| and | |
| CLARISSA SANTIAGO<br>4037 N. 9th St.<br>Philadelphia, PA 19140 | NO. |
| v. | |
| CRST EXPEDITED, INC.<br>1332 Edgewood Rd. SW<br>Cedar Rapids, IA 52406 | |
| and | |
| CONSTANCE SLOAN<br>400 Oldham St<br>Baltimore, MD 21224 | |

## NOTICE

"NOTICE"

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further

"AVISO"

Le han demandado en corte. Si usted desea defender contra las demandas dispuestas en las páginas siguientes, usted debe tomar la acción en el plazo de veinte (20) días después de esta queja y se sirve el aviso, incorporando un aspecto escrito personalmente o y archivando en escribir con la corte sus defensas u objeciones a las demandas dispuestas contra usted el abogado le advierte que que si usted no puede hacer así que el caso puede proceder sin usted y un juicio se puede incorporar contra usted compra la corte sin aviso adicional para cualquier dinero demandado en la queja o para cualquier otra demanda o relevación pedida por el demandante. Usted

Case ID: 170702845

notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

    LAWYER REFERRAL SERVICE
    One Reading Center
    1101 Market Street
    Philadelphia, Pennsylvania 19107
    (215) 238-6333

puede perder el dinero o la característica de otra cualereza importante a usted.

USTED DEBE LLEVAR ESTE PAPEL SU ABOGADO INMEDIATAMENTE. SI USTED NO HACE QUE UN ABOGADO VAYA A O LLAME POR TELÉFONO La OFICINA DISPUESTA ABAJO. ESTA OFICINA PUEDE PROVEER DE USTED LA INFORMACIÓN SOBRE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PERMITIRSE AL HIRE A UN ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACIÓN SOBRE LAS AGENCIAS QUE LOS SERVICIOS JURÍDICOS DE LA OFERTA DE MAYO A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO O NINGÚN HONORARIO

    SERVICIO DE REFERENCIA LEGAL
    One Reading Center
    1101 Market Street
    Filadelfia, Pennsylvania 19107
    Teléfono (215) 238-6333

Case ID: 170702845

LOWENTHAL & ABRAMS, P.C.
By:   John L. Aris, Esquire
Identification No. 62789
555 City Line Avenue, Suite 500
Bala Cynwyd, Pennsylvania 19004
610-667-7511

THIS IS NOT AN ARBITRATION MATTER
ASSESSMENT OF DAMAGES IS REQUIRED

Attorneys for: Plaintiffs

JANICE SANTIAGO
917 W. Luzerne St.
Philadelphia, PA 19140

    and

CLARISSA SANTIAGO
4037 N. 9th St.
Philadelphia, PA 19140

    v.

CRST EXPEDITED, INC.
1332 Edgewood Rd. SW
Cedar Rapids, IA 52406

    and

CONSTANCE SLOAN
400 Oldham St
Baltimore, MD 21224

: PHILADELPHIA COUNTY
: COURT OF COMMON PLEAS
:
: NO.

## COMPLAINT-MOTOR VEHICLE

1. Plaintiff Janice Santiago is an adult individual residing at the above address.
2. Plaintiff Clarissa Santiago is an adult individual residing at the above address.
3. Defendant Constance Sloan is an adult individual residing at the above address.

1

Case ID: 170702845

4. Defendant CRST Expedited, Inc. is, upon information and belief, an Iowa corporation with its headquarters located at 1332 Edgewood Rd. SW, Cedar Rapids, Iowa.

5. On August 16, 2015, at or about 9:00 a.m., defendant Constance Sloan was driving a Freightliner Cascadia tractor truck owned by defendant CRST Expedited, Inc. and was pulling a trailer.

6. On August 16, 2015, at or about 9:00 a.m., defendant Constance Sloan was within the course and scope of her employment with CRST Expedited, Inc.

7. On August 16, 2015, at or about 9:00 a.m., plaintiff Clarissa Santiago was operating a Toyota Camry motor vehicle westbound on I-70 in western Pennsylvania with plaintiffs Janice Santiago as a passenger. Plaintiffs were in the right lane (of two lanes) of travel and defendant Constance Sloan was driving the tractor-trailer in the left lane. Defendant Constance Sloan then moved the tractor-trailer from the left lane to the right lane and part or all of the tractor-trailer entered plaintiffs' lane of travel, causing a collision.

### COUNT I
### PLAINTIFF JANICE SANTIAGO v. DEFENDANTS
### NEGLIGENCE

8. Plaintiff incorporates herein by reference each and every averment contained in paragraphs 1 through 7 as though the same were set forth fully herein at length.

9. The negligence of the defendant Constance Sloan and, by vicarious liability, her employer CRST Expedited, Inc., consisted of, *inter alia*:

    a. the defendant failed to have the motor vehicle under proper and reasonable control at all relevant times herein;

    b. the defendant operated the motor vehicle in such a manner as to cause it to collide into and against another vehicle;

Case ID: 170702845

    c.    the defendant failed to give prompt, proper, and adequate warning of approach;

    d.    the defendant failed to keep a proper look out;

    e.    the defendant failed to operate a motor vehicle in a safe and proper manner;

    f.    the defendant failed to apply the brakes or to take such other measures as were necessary to avoid the above-described collision;

    g.    the defendant failed to comply with the laws, rules, and regulations of the Pennsylvania Motor Vehicle Code pertaining to the operation of motor vehicles on or about the public highways;

    h.    the defendant was operating the vehicle at an excessive speed or unsafe speed for conditions;

    i.    the defendant made a lane change without adequate clearance;

    j.    the defendant made a lane change without regard for traffic to her right;

    k.    the defendant failed to swerve to avoid colliding into another vehicle.

10. The above-described collision was in no way caused by any act or failure to act on the part of the plaintiff.

11. As a direct result of the aforesaid incident, plaintiff suffered various injuries, including, but not limited to: cervical herniation with radiculopathy, closed head injury, cervical strain, lumbar strain, left shoulder strain and symptomization of cysts in the left shoulder, right knee contusion.

12. As a result of the above-described incident, plaintiff has suffered the need to undergo medical and rehabilitative treatment and care, which may continue into the future indefinitely.

3

13. As a result of the above-described incident, plaintiff has suffered, and may continue to suffer economic losses, including bills for medical treatment, medication, physical therapy, and other medical services.

14. As a direct result of the aforesaid incident, plaintiff has incurred in the past, and will in the future continue to incur, great physical and emotional pain and suffering, and bodily impairment.

15. As a direct result of the aforesaid incident, plaintiff has been unable to attend to normal duties and activities.

WHEREFORE, plaintiff demands judgment against defendants for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus interest and cost and such other relief as this Honorable Court deems appropriate.

## COUNT II
### PLAINTIFF CLARISSA SANTIAGO v. DEFENDANTS
### NEGLIGENCE

16. Plaintiff incorporates herein by reference each and every averment contained in paragraphs 1 through 15 as though the same were set forth fully herein at length.

17. The above-described collision was in no way caused by any act or failure to act on the part of the plaintiff.

18. As a direct result of the aforesaid incident, plaintiff suffered various injuries, including, but not limited to: C5-6-7 radiculopathy, L5 radiculopathy, left rotator cuff injury, head injury, cervical strain, lumbar strain, foot contusion and sprain, hand sprain, left hip sprain.

4

Case ID: 170702845

19. As a result of the above-described incident, plaintiff has suffered the need to undergo medical and rehabilitative treatment and care, which may continue into the future indefinitely.

20. As a result of the above-described incident, plaintiff has suffered, and may continue to suffer economic losses, including bills for medical treatment, medication, physical therapy, and other medical services.

21. As a direct result of the aforesaid incident, plaintiff has incurred in the past, and will in the future continue to incur, great physical and emotional pain and suffering, and bodily impairment.

22. As a direct result of the aforesaid incident, plaintiff has been unable to attend to normal duties and activities.

WHEREFORE, plaintiff demands judgment against defendants for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus interest and cost and such other relief as this Honorable Court deems appropriate.

LOWENTHAL & ABRAMS, P.C.

By: *[signature]*

JOHN L. ARIS, ESQUIRE
Attorneys for Plaintiffs

## VERIFICATION

I, JANICE SANTIAGO, hereby verify that I am the plaintiff in this matter and that the facts set forth in the foregoing are true and correct to the best of my knowledge, information and belief; and that these statements are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

_____
JANICE SANTIAGO

Case ID: 170702845

## VERIFICATION

I, CLARISSA SANTIAGO, hereby verify that I am the plaintiff in this matter and that the facts set forth in the foregoing are true and correct to the best of my knowledge, information and belief; and that these statements are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

_____
CLARISSA SANTIAGO

Case ID: 170702845